MICHAEL J. HARKER, ESQ.
Nevada Bar No. 005353
2901 El Camino Ave., Suite 200
Las Vegas, Nevada 89102
Mharker@harkerlawfirm.com
(702) 248-3000
Attorney for Debtor

E-Filed on December 12, 2017

# UNITED STATES BANKRUPTCY COURT

# DISTRICT OF NEVADA

In Re:

MAXINE BOONE,

        Debtor.

Chapter 13 Proceedings
CASE NO: 17-14408-mkn
Date of Hearing: January 10, 2018
Time of Hearing: 2:30 p.m.

## MOTION FOR SANCTIONS AGAINST NATIONSTAR MORTGAGE AND AVIKA LLC., FOR VIOLATION OF THE AUTOMATIC STAY

COMES NOW, Debtor MAXINE BOONE by and through her attorney of record Michael J. Harker, Esq., hereby submits the underlying MOTION FOR SANCTIONS AGAINST NATIONSTAR MORTGAGE AND AVIKA LLC., FOR VIOLATION OF THE AUTOMATIC STAY.

This Motion is made and based upon the points and authorities below, the papers and pleadings on filed herein and any and all other oral argument allowed by the Court at the time of hearing.

### POINTS AND AUTHORITIES

The underlying Debtor filed a bankruptcy on or about August 14, 2017. The reason for filing the bankruptcy was to stay a foreclosure sale which was set for the next day on Placita Del Rico, Las Vegas, NV 89120. (See Assessors print out attached hereto as Exhibit 1"). Notwithstanding the same, despite the filing of the bankruptcy, secured creditor foreclosed on the property in question.

1

boone.bk.mot4sanctions12.17.mw.wpd

They were immediately notified of the bankruptcy, however, refused to honor the bankruptcy and to date, have refused to rescind the foreclosure sale.

Indeed, Debtor has received eviction notices from the alleged new owner of the property in question. (See "Exhibit 2"). Therefore, the Trustees Deed Upon Sale and all of the eviction paperwork was done after actual notice of the bankruptcy having been initiated. This is a second bankruptcy within a year and Debtor filed and received an extension of the automatic stay. Notwithstanding the same, the stay clearly was in effect when the foreclosure occurred, clearly was in effect when they were told to set aside the sale and they refused to do the same.

Debtor is a 70 year old woman who also lives in the house with her 90 year old Mother and who have been petrified that they are going to be evicted, the alleged new owners have made numerous threats and have stated that they do not care that there is a bankruptcy in place and that the foreclosure was good. The secured creditor is also taking the same position. Numerous demands have been made to set aside the sale and to date, nothing has happened. Therefore, Debtor now finds herself in a position to return to Court requesting that the sale be set aside. She is literally on edge as a result of said foreclosure and is petrified that she will be evicted from the property.

Debtor is requesting first and foremost that the foreclosure sale be set aside. This was clearly done when the bankruptcy was filed and secured creditor knows better. Secondly, Debtor is requesting sanctions in the amount of $100,000.00. As set forth above, she is an elderly lady with an extremely elderly Mother living with her. The thought of being evicted is causing horrific emotional distress and despite assurances of her counsel that it cannot happen, the notices she has received leads her to believe otherwise. The bank has had months now to set aside the sale and avoid this Motion and to date, has refused to do the same. Therefore, sanctions in the amount of $100,000.00, punitive damages to be determined by this Court, attorneys fees and any and all other relief should be granted.

/ / /

## LAW

In order for a debtor to prevail under § 362(k), a debtor must first prove that the violation was wilful. Willful is defined as a deliberate act done with the knowledge that the act is in violation of the automatic stay. *In re Forty-Eight Insulation, Inc.,* 54 B.R. 905 909 (Bkrptcy N.D. Ill 1985); In re Allen, 83 B.R. 678 (Bkrptcy E.D. Penn. 1987). A creditor's violation of the stay is willful even if the creditor believes itself justified in taking action found to be violative of the stay. *In re Tel-A-Communications Consultants, Inc.,* 50 B.R. 250, 254 (Bkrptcy D. Conn. 1985). In this case, Holt can not even claim its actions were justified. And even if they could, their actions still violated the stay.

The Ninth Circuit elaborated on the term "willful" in the context of if U.S.C. §362(k). *See In re Pinkstaff,* 974 F.2d 113 (9th Cir. 1992). "A 'willful violation' does not require a specific intent to violate the automatic stay. Rather, the statute provides for damages upon a finding that the defendant's actions which violated the stay were intentional. Whether the party believes in good faith that if had a right to the property is not relevant to whether the act was 'wilful' or whether compensation must be awarded. *Id* at 115. See also *Bloom*, 875 F.2d 224, 227 (9th Cir. 1989); In re *Carroll*, 903 F.2d 1266, 1272 (9th Cir. 1990).

Moreover, the size and complexity of the creditor's organization is no defense to a stay violation. *In re Fernandez* 132 B.R. 775 (District Court M.D. Fla. 1991). The fact that a creditor acted in good faith in violating the automatic stay is not a defense. *In re Stainton*, 139 B.R. 232 (9th Cir. BAP 1992). In *Stainton*, the creditor was pursuing a wrongful detainer action in state court, and the state court had ruled that the creditor's action were not in violation of the stay. But in the BAP's words: The plain language of the statute requires that the injured party be awarded the entire amount of actual damages reasonably incurred as a result of a violation of the automatic stay. *Stainton* at 234. See also *In re Bulson* 117 B.R. 537 (9th Cir. BAP 1990).

/ / /

3    boone.bk.mot4sanctions12.17.mw.wpd

**2. Courts inherent contempt authority.**

The Supreme Court has held, civil contempt orders serve either or both of two purposes: (1) to compel or coerce obedience of court order; and (2) to compensate parties for losses resulting from the contemptor's non-compliance with a court order. *United State v. United Mine Workers of America*, 330 U.S. 258, 303-04 (1947).

**3. Damages and Attorneys Fees.**

Bankruptcy courts may use their civil contempt authority under §105(a) to award debtor compensatory monetary damages for violations of the automatic stay. *See Jove Eng'g, Inc.*, 92 F.3d at 1554 (stating that for automatic stay violations, courts generally award damages under § 105). And they may also award debtors compensatory monetary damages, including actual damages, pursuant to § 105(a) for violations of the discharge injunction. *See In re Meyers*, 344 B.R. 61, 66 (Bankr. E.D. Pa. 2006); *In re Perviz*, 302 B.R. 357, 370 (Bankr. N.D. Ohio 2003) (nothing that "most bankruptcy courts, when faced with a willful violation of the discharge injunction, allow the debtor an award of actual damages plus attorney fees."); see also *In re Distad*, 392 B.R. 482, 487 (Bankr. D. Utah 2008) (stating the court has statutory contempt authority under § 105(a) to award monetary relief for violations of the discharge injunction).

"In a civil contempt proceeding, a monetary sanction, assessed for the purpose of compensating the complaint losses sustained by reason of the contemnor's acts, is within the universe of permissible sanctions. Thus, make-whole relief is a commonplace sanction in civil contempt. So too are. . . attorney's fees and cost". *Goya Foods, Inc. v. Wallach Mgrnt. Co.* 290 F.3d 63, 78 (1st Cir. 2002). "[D]amage awards are both necessary and appropriate in the context of contempt for violation of discharge injunctions". *Gervin* at 858. Though a bankruptcy court's civil contempt authority is limited to relatively non- compensatory fines rather than serious punitive penalties. *In re Dyer*, 322F .3d1178, 1193 (9th Cir. 2003).

/ / /

4

boone.bk.mot4sanctions12.17.mw.wpd

This Court can also award attorney fees for contempt under §105(a). A possibility left open by *Sternberg*, when its "expressly stated that it was not considering the civil contempt authority of the court and that it's opinion should not be construed as limiting the availability of contempt sanctions, including attorney's fees under that authority." *In re Espinosa* 2011 WL 2358562 at *5, citing *Sternberg* 595 F.3d 937, 946 n.3 (9th Cir. 2010), and In re Feagins, 439 B.R. 165, 179, n.2 (Bankr.D.Haw. 2010).

The Ninth Circuit allows for emotional distress damages. See *In re Dawson*, 390 F.3d 1139 (9th Cir. 2005). On remand, Dawson was awarded $20,000 for emotional distress where a reasonable person similarly situated would have suffered serious emotional distress, when the bank did not rescind its foreclosure for five months. *In re Dawson*, 346.R. 503 (N.D.Cal. 2006).

Creditors have been found in violation of both the stay violation and discharge injunction, for various acts. See *In re Adrus*, 189 B.R. 413 (N.D. Ill. 1995)(calling); *In re Burke* 200 B.R. 282 (Bankr. S.D. Ga. 1996)(collection letter). As a consequence, debtors have received actual damages, emotional distress damages and attorney's fees for both discharge violations and stay violations. Sometimes for both violations in the same case *In re Iskric*, 2013 WL 4011126 (Bankr. M.D. Pa). (debtor award $88,480 for both violations). See also In re *Curtis*, 322 B.R. 470 (Bankr.D.Mass 2005) (debtor awarded $15,000 emotional distress damages and $30,000 punitive damages for stay violation); *In re Atkins*, 279 B.R. 639 (Bankr.N.D.N.Y. 2002)($30,000 emotional distress); *In re Gervin*, 337 B.R. 854, 864 (Bankr.W.D.Tex.2oo5)($25,000 emotional distress damages); *In re Goodfellow*, 298 B.R. 358 (Bankr. N.D. IA.2oo3) (debtor awarded $5,000 actual and $5,000 punitive damages for stay violation); *In re Faust*, 27o B.R. 310 (Bankr.N.D.Ga. 1998). *In re McCormak* 203 B.R. 521 (Bankr. D.N.H. 1996)(mortgage bank held liable for $10,000 in punitive damages for stay violation). These are normal civil contempt and stay violation sanctions. In re National Gypsum, 118 F.3d 1056 (5th Cir. 1997); see also 11 U.S.C. §105(a).

/ / /

## CONCLUSION

Pursuant to the points and authorities above, it is requested that the Court Order the immediate recision of the foreclosure sale, sanctions in the amount of $100,000.00, punitive damages tp be determined by the Court, attorneys fees to be supplement prior to the hearing and any other relief deemed appropriate.

DATED this 12th day of December, 2017.

        Law Office of Michael J. Harker, Esq.

        BY: /s/ Michael J. Harker
        **MICHAEL J. HARKER, ESQ.,**
        Nevada State Bar Number 5353
        2901 El Camino Ave., Suite 200
        Las Vegas, NV 89102
        Attorney for Debtor

        # # #

MICHAEL J. HARKER, ESQ.
2901 El Camino Ave., #200
Las Vegas, Nevada 89102
(702) 248-3000 - Fax 425-7290