SPENCER M. JUDD, ESQ.
Nevada Bar No. 10095
325 South 3rd St., #5
Las Vegas, Nevada 89101
Telephone: (702) 606-4357
Facsimile: (702) 974-3146
Attorneys for Plaintiff

# UNITED STATES DISTRICT COURT

# DISTRICT OF NEVADA

| In Re: <br><br> MAXINE BOONE, <br><br> Debtor. | Chapter 13 <br> Case No.: 17-14408-mkn <br><br> **Date of Hearing: January 10, 2018** <br> **Time of Hearing: 2:30 p.m.** |
|---|---|

## OPPOSITION TO MOTION FOR SANCTIONS FOR VIOLATION OF THE AUTOMATIC STAY

COMES NOW AVIKA LLC ("Avika"), by and through its attorney, Spencer M. Judd, and files this opposition to debtor's Motion for Sanctions for Violation of the Automatic Stay.

The debtor filed for bankruptcy on or about August 14, 2017. Creditor Wells Fargo Bank, N.A. as Trustee for the Certificateholders of Banc of America Alternative Loan Trust 2004-7 Mortgage Pass-Through Certificates, Series 2004-7 was the Beneficiary of a Deed of Trust security a Note executed by Debtor. The Trustee of that Deed of Trust, clear Recon Corp had sent a Notice of Breach and Election to Sale and a Notice of Sale to the Debtor. A sale of the property encumbered by the Deed of Trust was scheduled for the morning of August 15, 2017.

The Sale was conducted by the Trustee on August 15, 2017. Avika was the high bidder and was provided a Trustee's Deed Upon Sale afterwards. Avika had received no notice of the bankruptcy filing by the Debtor either prior to, at or after the sale until after the Trustee's Deed Upon Sale had been recorded. On August 18, 2017, Avika sent a notice to the "Occupant" of the property it had "purchased" notifying them of the Trustee Sale and that it, Avika, was the party that purchased the property at the Sale. The Trustee's Deed was provided to Avika by the Trustee

that conducted the sale on August 24, 2017, and said Deed was immediate recorded with the Clark County Recorder.  As of August 24, 2017, no notice of bankruptcy filing had been given the Avika.

Avika was notified in mid September, 2017, of the bankruptcy filing by the Debtor and immediately contacted the Trustee that conducted the sale to try to arrange a reversal of the transaction.

Upon information and belief, the Trustee was notified by the Clark County Recorder that it could not "undo" a recording of a Trustee's Deed without an Order from a Court of competent jurisdiction.  Wells Fargo Bank, N.A. as Trustee for the Certificateholders of Banc of America Alternative Loan Trust 2004-7 Mortgage Pass-Through Certificates, Series 2004-7 filed a Complaint for Declaratory Relief in the Eighth Judicial District Court, Clark County, Nevada, on November 29, 2017 in which is named Avika LLC as a Defendant and therein asked the Court for an Order entitling them to rescind the Trustee's Deed issued by the appointed Trustee.  That case is pending.

Avika has ceased all attempts to exercise control of the property and has not had any contact with the Debtor and/or the Occupant of the property since it received notice of the bankruptcy filing. (See Declaration in Support of Opposition to Motion for Violation of the Automatic Stay filed concurrently with this Opposition.)

Civil contempt involves maliciousness and a deliberate disregard of bankruptcy rules.  *See, In re Crysen/Montenay Energy Co.*, 902 F.2d 1098 (2d Cir 1990) (contempt involves maliciousness or lack of a good faith argument and belief that the party's actions were not in violation of a bankruptcy stay); *Fidelity Mortg. Investors v. Camelia Builders, Inc.*, 550 F.2d 47 (2d Cir 1976) (allowing imposition of costs under civil contempt powers for acts which bankruptcy judge found were done with knowledge of automatic stay and deliberate disregard of bankruptcy rules regarding requirements for relief).

Courts have held that 11 USC §105(a) may not be used to expand the scope of judicial power beyond that granted in other sections of the Bankruptcy Code, and may only be used in furtherance of, and not in conflict with other provisions. *See In re Women First Healthcare, Inc.* 332 BR 115 (Bankr. D. Del 2005); *In re Silvus*, 329 BR 193 (Bankr. E.D. Va. 2005); *In re Carlin*, 328 B.R. 221 (B.A.P. 10th Cir. 2005)

When considering whether to order sanctions or damages in this case, the court should not use Section 105(a) as an unlimited ability to use sanctions where there has not been a willful violation or material injury to the debtors. Further, the court must consider the specific facts of a case prior to any levy of sanctions. *In re Brockington*, 129 BR 68 (Bankr D. S.C. 1991); *In re Zunich* 88 BR 721 (Bankr. W.D. Pa. 1988).

In this case, the debtors' allegations in the motion do not rise to the level required for entry of an order of civil contempt or sanctions under 11 USC §105(a) or 11 USC §362.

In his motion, debtor argues that sanctions are warranted. Debtor cited *In re Dawson,* (346 B.R. 503 (N.D.Cal. 2006) (cited by Debtor as 246 B.R. 503), to demonstrate that a Court may award emotional distress damages. In *Dawson* the bank did not rescind its foreclosure for five months. Here, upon receipt of notice of the bankruptcy filing, the parties CEASED all collection actions against the Debtor, attempted to rescind the Trustee's Deed, which was not allowed by the County Recorder's Office, and immediately filed a lawsuit for declaratory relief so that the Deed could be rescinded.

Debtor has made no effort nor has she provided any proof in her pleading that she notified the bank of her renewed intention to file bankruptcy or that she notified the Trustee prior to the sale conducted on August 15, 2017 to aide in its assertion that there was a "willful" violation of the stay in conducting the sale or in purchasing the property at the sale.

Debtor asks for an award of attorney fees for having to bring this motion; yet attorney fees are not damages. Attorney fees should not, on their own, constitute damages that can be awarded

to a debtor. In other bankruptcy contexts, courts have held that "costs and attorney fees are allowable only to embellish actual damages." *In re Whitt,* 79 BR 611 (Bankr. E.D. Pa. 1987). In this case, the debtors have not demonstrated any actual damages. As such, attorney fees should not stand alone to create a basis for this court to award damages.

Given the circumstances as outlined above and because the debtor is unable to show that Avika violated the automatic stay or caused the debtor to suffer damages, sanctions are not warranted in this matter.

WHEREFORE, Avika asks that this Court deny the debtor's motion.

DATED this 2nd day of January, 2018.

SJ Law

/s/ Spencer M. Judd            .
SPENCER M. JUDD, ESQ.
325 So. 3rd Street, #5
Las Vegas, NV 89101
(702) 606-4357
Attorneys for Avika LLC