ALDRIDGE PITE, LLP
ARNOLD L. GRAFF (Bar #13343)
EDDIE R. JIMENEZ (Bar #10376)
520 South 4th Street Suite 360
Las Vegas, Nevada 89101
Telephone: (858) 750-7600
Facsimile: (619) 590-1385
E-mail: ecfnvb@aldridgepite.com

MAILING ADDRESS:
4375 Jutland Drive, Suite 200
P.O. Box 17933
San Diego, California 92177-0933

Attorneys for Secured Creditor U.S. BANK NATIONAL ASSOCIATION, AS TRUSTEE OF THE NRZ PASS-THROUGH TRUST V

UNITED STATES BANKRUPTCY COURT

DISTRICT OF NEVADA

| | |
|---|---|
| In re<br><br>MAXINE BOONE,<br><br>Debtor. | Bankruptcy Case No. 17-14408-mkn<br><br>Chapter 13<br><br>OBJECTION TO CONFIRMATION OF CHAPTER 13 PLAN |

U.S. Bank National Association, as trustee of the NRZ Pass-Through Trust V[1] (hereinafter "Creditor"), secured creditor of the above-entitled debtor, Maxine Boone (hereinafter "Debtor"), hereby objects to the Chapter 13 Plan filed by Debtor in the above-referenced matter. The objection is based on Creditor's Total Debt Proof of Claim No. 4 and the authorities cited herein and on such additional submissions and argument as may be presented at or before the confirmation hearing.

/././

/././

/././

---

[1] This Objection to Confirmation of Chapter 13 Plan shall not constitute a waiver of the within party's right to receive service pursuant to Fed. R. Civ. P. 4, made applicable to this proceeding by Fed. R. Bankr. P. 7004, notwithstanding Aldridge Pite, LLP's participation in this proceeding. Moreover, the within party does not authorize Aldridge Pite, LLP, either expressly or impliedly through Aldridge Pite, LLP's participation in this proceeding, to act as its agent for purposes of service under Fed. R. Bankr. P. 7004.

## I.  INTRODUCTION

Creditor respectfully requests that the Court deny confirmation of the Debtor's Chapter 13 Plan and dismiss the Debtor's case, or alternatively, convert the Debtor's case to one under Chapter 7 of the Bankruptcy Code, as the Plan fails to properly provide for Creditor's total secured claim. For the reasons set forth herein, the Court should deny confirmation of the Debtor's Chapter 13 Plan, or alternatively, convert the Debtor's case to one under Chapter 7 of the Bankruptcy Code.

## II.  STATEMENT OF FACTS

1. Creditor's claim is evidenced by a promissory note executed by Debtor Maxine Boone (the "Borrower"), and dated June 4, 2004, in the original principal sum of $340,091.00 (the "Note"). The Note is scheduled to mature on July 1, 2019, at which point the entire loan balance becomes due and owing. A copy of the Note is attached to Creditor's proof of claim no. 4 as filed on the Court's claims register ("CCR") in the instant bankruptcy case and incorporated herein by reference.

2. The Note is secured by a deed of trust (the "Deed of Trust[2]") encumbering the real property commonly known as 3890 Placita Del Rico, Las Vegas, Nevada 89120 (the "Subject Property"). A copy of the Deed of Trust is attached to Creditor's proof of claim no. 4. See CCR, Claim No. 4.

3. Subsequently, the Note was indorsed in blank thereby converting the Note to a bearer instrument. Creditor, directly or through an agent, is in possession of the original promissory note indorsed in blank. See CCR, Claim No. 4.

4. On August 14, 2017, Debtor filed the instant Chapter 13 bankruptcy petition in the United States Bankruptcy Court for the District of Nevada, Las Vegas Division, and was assigned case number 17-14408-mkn.

5. On September 25, 2017, Debtor filed her Chapter 13 Plan (the "Plan") providing for monthly payments to the Trustee in the total amount of $824.00 for thirty-six (36) months. However, Debtor's Plan fails to properly provide for the cure of Creditor's total secured claim.

/././

---

[2] The Note and Deed of Trust are collectively referred to herein as the "Subject Loan."

6.  On December 26, 2017, Creditor filed its proof of claim (the "Proof of Claim") secured by the Subject Property, with a total outstanding balance in the amount of $458,083.70, as a total debt Proof of Claim. See CCR, Claim No. 4.

### III.    ARGUMENT

**DEBTOR'S CHAPTER 13 PLAN CANNOT BE CONFIRMED AS PROPOSED.**

The provisions of 11 United States Code ("US.C.") Section 1325 set forth the requirements for the Court to confirm a Chapter 13 Plan. The burden is on the debtor to demonstrate that the plan meets the conditions essential for confirmation. Warren v. Fidelity & Casualty Co. of N.Y. (In re Warren), 89 B.R. 87, 93 (B.A.P. 9th Cir. 1988). For the reasons detailed herein, the Debtor fails to meet this burden.

**A.    DEBTOR'S CHAPTER 13 PLAN CANNOT BE CONFIRMED BECAUSE IT DOES NOT PROVIDE FOR THE FULL VALUE OF CREDITOR'S CLAIM.**
11 U.S.C. Section 1325(a)(5)(B)(ii)

11 U.S.C. Section 1325(a)(5)(B)(ii) requires a debtor's Chapter 13 Plan to distribute at least the allowed amount of a creditor's secured claim. See 11 U.S.C. § 1325(a)(5)(B)(ii). Furthermore, the requirement that a debtor provide for the full value of a creditor's secured claim is mandatory for plan confirmation. See Barnes v. Barnes (In re Barnes), 32 F.3d 405, 407 (9th Cir. 1994); see also In re Lucas, 3 B.R. 252, 253 (Bankr. S.D. Cal. 1980)("In order to confirm any Chapter 13 Plan, the court must be satisfied…that the plan meets all the requirements of § 1325(a)."). The burden lies with the debtor in demonstrating compliance with section 1325(a). Chinichian v. Campolongo (In re Chinichian), 784 F.2d 1440 (9th Cir. 1986).

Debtor's Plan cannot be confirmed because it fails to provide for the cure of Creditor's total secured claim. As previously discussed, Creditor's total secured claim is in the total amount of $458,083.70. See CCR, Claim No. 4. However, Debtor's Plan simply states that Debtor will modify the Loan through the MMM Program, despite the fact that a Final Report was since filed on March 1, 2018 confirming that the parties could not reach an agreement. See Dckt. No. 60. As Debtor's Plan fails to provide for a cure of Creditor's total secured claim, it fails to satisfy 11 U.S.C. § 1325(a)(5)(B)(ii) and cannot be confirmed as proposed.

**B.** **DEBTOR'S CHAPTER 13 PLAN CANNOT BE CONFIRMED BECAUSE IT DOES NOT PROMPTLY CURE OF CREDITOR'S TOTAL SECURED CLAIM**
11 U.S.C. § 1322(d).

Because Creditor's Loan matures before the end of the proposed Chapter 11 Plan, Debtor will have to increase the payment through the Chapter 13 Plan to this Creditor to approximately $7,634.73 monthly just to cure Creditor's pre-petition arrears over a period not to exceed sixty (60) months.

**C.** **DEBTOR'S CHAPTER 13 PLAN CANNOT BE CONFIRMED BECAUSE IT IS NOT FEASIBLE**
11 U.S.C. § 1325(a)(6); 11 U.S.C. § 1322(d).

Debtor's Schedule J indicates that Debtor has disposable income of $829.05. However, as stated above, Debtor will be required to apply a minimum of $7,634.73 monthly to the Chapter 13 Plan to provide for the cure of Creditor's pre-petition arrearage claim alone. Accordingly, Debtor lacks sufficient monthly disposable income with which to fund this Plan.

WHEREFORE, Creditor respectfully requests:

i) That confirmation of the Debtor's Chapter 13 Plan be denied;

ii) That Debtor's case be dismissed;

iii) Alternatively, that the Plan be amended to provide for the pre-petition arrears listed in Creditor's Proof of Claim to be paid within a period not to exceed sixty (60) months; and

iv) For such other and further relief as this Court deems just and proper.

Dated: June 18, 2018

/s/ *Arnold L. Graff*
4375 Jutland Drive, Suite 200
P.O. Box 17933
San Diego, CA 92177-0933
(702) 413-9692
Bar #13343
Attorney for U.S. BANK NATIONAL ASSOCIATION, AS TRUSTEE OF THE NRZ PASS-THROUGH TRUST V

UNITED STATES BANKRUPTCY COURT

DISTRICT OF NEVADA

CASE NO. 17-14408-mkn

CERTIFICATE OF SERVICE BY MAIL

I, <u>Ciara M. Reboya</u>, am a resident of San Diego, California, and I am over the age of eighteen (18) years, and not a party to the within action. My business address is 4375 Jutland Drive, Suite 200; P.O. Box 17933, San Diego, CA 92177-0933.

I served the attached OBJECTION TO CONFIRMATION OF CHAPTER 13 PLAN by placing a true copy thereof in an envelope addressed to:

SEE ATTACHED SERVICE LIST

which envelope was then sealed and postage fully prepaid thereon, and thereafter on <u>June 18, 2018</u>, deposited in the United States Mail at San Diego, California. There is regular delivery service between the place of mailing and the place so addressed by the United States Mail.

I certify under penalty of perjury that the foregoing is true and correct.

Dated: <u>June 18, 2018</u>                     <u>/s/ Ciara M. Reboya</u>
                                               CIARA M. REBOYA

## SERVICE LIST

**DEBTOR(S)**

MAXINE BOONE
3890 PLACITA DEL RICO
LAS VEGAS, NV 89120

**DEBTOR(S) ATTORNEY**

MICHAEL J. HARKER
2901 EL CAMINO AVE., #200
LAS VEGAS, NV 89102
notices@harkerlawfirm.com

**CHAPTER 13 TRUSTEE**

Kathleen A. Leavitt
201 Las Vegas Blvd., So. #200
Las Vegas, NV 89101
courtsecf3@las13.com

**U.S. TRUSTEE**

Chapter 13 Trustee
Department of Justice
300 Las Vegas Boulevard, So.  Suite 4300
Las Vegas, NV 89101
USTPRegion17.LV.ECF@usdoj.gov